UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M. V.,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | Case No. 26-cv-00609-YGR (AGT)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 16 |

Plaintiff M.V. didn't appear for a noticed, in-person deposition on September 3, 2026. Dkt. 16 at 2. Plaintiff and Defendant United States now disagree about whether her deposition should take place remotely or in-person. *Id.* at 3, 6. Plaintiff's deposition will proceed remotely.

Defendant hasn't shown circumstances justifying its request for an in-person deposition. It's true that Rule 30 generally contemplates in-person depositions as a baseline, allows the noticing party to dictate the time and the place of a deposition, and provides for departures from that baseline by stipulation or court order. *See* Fed. R. Civ. P. 30(b)(4). But this is tempered by Rule 26, which allows a court, for good cause, to prescribe the time, place, and terms of the deposition "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

In the post-COVID era, modern technology allows remote depositions to offer greater benefits and fewer drawbacks compared to in-person formats. *See, e.g.*, *Yoon v. Intuit Inc.*, No. 5:25-cv-03469-BLF (VKD), 2026 WL 145956, at *2 (N.D. Cal. Jan. 20, 2026) ("[G]iven presently available technology, a party may obtain meaningful and accurate

testimony by taking a remote deposition.").[1] Relatedly, as Plaintiff highlights, courts in the Ninth Circuit have found that when a party shows good cause by advancing a legitimate reason to hold a deposition remotely, the other side must make a showing that holding a deposition remotely would cause them prejudice. *See Kamradt v. Esurance Insurance Co.*, No. 22-cv-01445-TL, 2023 WL 8355892, at *2-3 (W.D. Wash. Dec. 1, 2023) ("Even before the advent of robust videoconferencing tools, and their widespread adoption in litigation throughout the COVID pandemic, the federal rules contemplated a party's preference against remote depositions giving way in the face of a good-cause showing.").

Plaintiff states that her difficulties with sitting for an in-person deposition stem from her "documented mental-health condition and ability to endure an in-person examination concerning the sexual abuse underlying this action." Dkt. 16 at 4. For her, the "remote format provides a measure of separation from an in-person examination that is significant in light of her documented mental-health condition and the intimate nature of the testimony." *Id.* at 5. She otherwise states she doesn't seek to be spared difficult questions. *Id.* Plaintiff's counsel also states their intention to be present with Plaintiff in a professional location and coordinate the presentation of Defendant's physical exhibits to her during her deposition. *Id.* Defendant doesn't meaningfully contest Plaintiff's statements about her past trauma and mental condition. *Id.* at 3-4.

Defendant instead puts forward multiple reasons for an in-person deposition, including: (i) that efficiency concerns require it, (ii) that Rule 30 generally provides for in-person examination and allows the noticing party to dictate the format, (iii) an in-person deposition

[1] The joint statement that lays out discovery parameters applicable to this case reflects this understanding, stating that "the parties agree" that depositions in this period of bellwether discovery "may proceed remotely." *A.L. v. United States*, No. 4:24-cv-06580-YGR, dkt. 152 at 8.

is needed to assess Plaintiff's presentation as a witness, and (iv) that Plaintiff will need to testify in person and in open court if this case proceeds to trial. *Id.* These arguments don't show sufficient prejudice here. The undersigned concludes that the structure proposed by Plaintiff – a remote examination in a professional location, with Plaintiff's counsel and Defendant's physical exhibits present – will allow Defendant to effectively elicit information from Plaintiff and observe her presentation as a witness by "see[ing] and hear[ing] Plaintiff in real time, observ[ing] her demeanor, present[ing] exhibits, and ask[ing] follow-up questions." *Id.* at 5. Defendant's remaining generalized Rule 30 arguments don't carry much weight. *See Kamradt*, 2023 WL 8355892, at *2-3 ("The idea that the party noting a deposition has a strict entitlement to require the deponent to appear in person … is simply an atextual reading of the rules.").

The undersigned doesn't intend to alter the presumption that depositions generally take place in-person, nor the noticing party's ability to determine the time and place of the deposition in the first instance. *See* Fed. R. Civ. P. 30(b). But given the context of this dispute, the discovery parameters in place that provide for remote depositions, and Plaintiff's stronger showing, a remote deposition is justified here.

The undersigned therefore orders the parties to further meet and confer and decide upon a mutually agreeable date for Plaintiff's remote deposition, with Plaintiff's counsel to be present with their client at the deposition. Counsel shall in advance of the deposition agree on the protocol for the management of exhibits, and any other matters consistent with a typical deposition.

Finally, Defendant requests travel and court reporter costs for Plaintiff's missed deposition. *Id.* at 4. The undersigned doesn't address the missed deposition here. The parties

shall meet and confer to discuss this potential sanction. If that discussion proves unsuccessful, Defendant may file and notice a motion for sanctions. *See* Civil L.R. 7-8.

**IT IS SO ORDERED.**

Dated: October 2, 2026

Alex G. Tse
United States Magistrate Judge