UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

M. V.,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 26-cv-00609-YGR (AGT)

**DISCOVERY ORDER**

Re: Dkt. No. 18

The parties have submitted a discovery letter setting out their disagreements as to (i) the duration of Plaintiff's Rule 35 psychiatric examination, and (ii) the scope of that examination. Dkt. 18. The undersigned addresses each issue below.

*Duration.* Defendant proposes a six-hour examination, broken into two separate sessions if needed. *Id.* at 3. Plaintiff doesn't set forth her desired duration, any support of any position, or propose a compromise resolution. *Id.* at 4-6; *see also* AGT Civil Standing Order § VII.B (required elements of a discovery letter). Nevertheless, based on Defendant's statement and the letter's attached exhibits, the undersigned understands that Plaintiff seeks to limit the duration of the examination to four hours. Dkt. 18 at 1. The undersigned agrees with Defendant that Plaintiff's examination should be limited to six hours, not four, broken up into two separate sessions if needed. The forensic psychiatrist who will conduct Plaintiff's examination declares that four hours wouldn't provide sufficient time to adequately evaluate her. Dkt. 18-1 at ¶ 4. Further, as the psychiatrist's declaration and the notices in other bellwether cases show, six to eight hours is a typical length for this kind of examination. *Id.*; *see also* dkt. 18-6 at 6 (bellwether plaintiff J.U.'s examination notice, stating that "an examination typically lasts 7 to 8 hours."). Finally, while Plaintiff's discovery letter statement doesn't

specifically explain why Plaintiff seeks a length of four hours, the undersigned understands that Plaintiff's request is due to her care responsibilities. Dkt. 18-10 at 22. Defendant's willingness to split the examination into two sessions, as well as its agreement to hold the examination in a location close to Plaintiff's home, adequately addresses these concerns. Dkt. 18 at 1; Dkt. 18-10 at 23.

*Scope.* The parties also disagree as to the scope of the Rule 35 examination. Dkt. 18 at 2, 4. Defendant seeks an examination "encompassing all of the events and diagnoses reflected in Plaintiff's treatment records." *Id.* at 4. Plaintiff argues that the permissible scope of the examination should be more narrowly limited to the specific circumstances alleged in her complaint, and particularly to the period stretching from her incarceration to the filing of her complaint. *Id.* at 5.

Plaintiff also states that the parties disagree about the "scope of the bellwether proceeding" established by the Court, *id.* at 4, and claims that determining "the boundaries of the proceeding itself" is a "threshold determination" that belongs to Judge Gonzalez Rogers, not the undersigned. *Id.* at 6. Plaintiff doesn't cite any authority for this assertion. The undersigned finds that the parties' dispute is suitable for resolution as a discovery matter.

As Plaintiff notes, the parties have already agreed that the scope of discovery at this phase is "expressly limited to issues relevant to resolution of statute-of-limitations and equitable tolling questions." Case No. 4:24-cv-06580-YGR, Dkt. 152 at 1-2. They've further agreed that the equitable tolling factors raised in these cases include:

> **Retaliation** — threats, intimidation, punishment, adverse actions, or other conduct that may have deterred reporting or timely claim presentment; **Barriers to Reporting** — institutional practices, grievance procedures, PREA reporting mechanisms, confidentiality limitations, access to counsel or advocates, and other structural or operational impediments to disclosure or timely filing; and

> **Psychological Harm** — trauma-related conditions, mental health impacts, delayed recognition of injury, and other psychological effects relevant to diligence or delayed filing.

*Id.* at 2. And, as the undersigned has explained previously, the equitable tolling inquiry examines the breadth of a plaintiff's functional capacities and limitations as it relates to her ability to timely present a claim, not just a plaintiff's discrete conditions. Case No. 4:24-cv-06580-YGR, Dkt. 195, at 2 (citing *Bills v. Clark*, 628 F.3d 1092, 1099-1100 (9th Cir. 2010) (denying request to limit relevant healthcare records to those involving previously diagnosed mental health conditions)). Plaintiff's pleadings echo this when she states that "equitable tolling is a fact-intensive inquiry, and courts must consider the full context of the plaintiff's experience, including mental health challenges." Dkt. 2 at ¶ 85. Plaintiff's discovery statement also concedes that "other events [can] be addressed as to their occurrence, timing, and effect." Dkt. 18 at 4.

Against this backdrop, Plaintiff doesn't cite any authority supporting the examination limitations she seeks or more generally addressing the proper scope of a Rule 35 examination in the equitable tolling context. The undersigned finds that Plaintiff's desired scope is too narrow and there is no basis to restrict the scope of the examination. *See* dkt. 18-10 at 9. Like the examinations in other bellwether cases, the examiner should be able to ask in some detail about Plaintiff's background and mental history, to fully evaluate her functional capacity to timely present her claims. Dkt. 18-6 at 7. That may include events and diagnoses that took place before Plaintiff's incarceration. It should not be strictly limited to "the period between [Plaintiff's] release from FCI Dublin and the filing of [her] administrative claim." Dkt. 18-10 at 9.

Consistent with this phase's scope, the examination is meant to assess Plaintiff's

ability to bring her claims in a timely manner. *Id.* Therefore, the examination should address Plaintiff's background and treatment records to the extent it's necessary to understand this capacity. The language Defendant has included in its Notice of Psychiatric Examination reflects this understanding. Dkt. 18-2 at 3. The undersigned therefore orders that Plaintiff's Rule 35 examination proceed according to the scope currently outlined in Defendant's Notice of Psychiatric Examination. *Id.*

**IT IS SO ORDERED.**

Dated: October 13, 2026



Alex G. Tse
United States Magistrate Judge