UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

M. V.,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 26-cv-00609-YGR (AGT)

**DISCOVERY ORDER**

Re: Dkt. No. 24

Defendant asks that Plaintiff be required to provide basic information about a separate lawsuit she has filed. Dkt. 24 at 4. The Court grants the request.

Certain fact discovery, but not all, in this bellwether phase closed on September 6, 2026. No. 4:24-cv-06580-YGR, dkt. 185 at 1. Plaintiff's deposition was scheduled for September 3, 2026, but she failed to appear for that deposition. *See* dkt. 16. It was then rescheduled for October 22, 2026. Dkt. 24 at 2. At her deposition, she testified that she had filed a separate lawsuit concerning sexual abuse at a juvenile detention facility. *Id.* Defendant argues that publicly available information about Plaintiff's other case is relevant to the statute of limitations and equitable tolling arguments at issue in this phase of discovery, in large part because the timing of the other case could bear on Plaintiff's arguments about her capacity to timely present her claims in this case. *Id.* However, Plaintiff has refused to provide any information about her other case, including party names, number, and the court in which it was filed. *Id.* She argues that Defendant's efforts to obtain information about her other case should be denied because they fall outside of the September 6 fact discovery deadline. *Id.* at 4-5.

The Court disagrees.

As an initial matter, the Court concludes that the information Defendant seeks about Plaintiff's prior case – party names, case number, and court – is public information that is both relevant to the tolling issues presented in this phase and proportional to the needs of the case. *See* Fed R. Civ. P. 26(b)(1).

The Court also finds that the issue is timely presented within the boundaries of the existing case schedule. Plaintiff's deposition was noticed for September 3, before the fact discovery cutoff date. Dkt. 16 at 2. It only took place after the discovery cutoff because Plaintiff failed to appear on the originally noticed date. The parties rescheduled her deposition for mid-October, and raised no timing concerns or need to amend the scheduling order at that point. *See generally* dkt. 16. Discovery disputes are commonly resolved in this district after a cutoff date has run; the Local Rules expressly contemplate this scenario by providing for the filing of discovery-related motions after the discovery cut-off. *See* Civil L.R. 37-3. The Court finds that good cause exists to address this limited issue after the September 6 deadline. Indeed, Plaintiff agreed to sit for her deposition well after the September 6 deadline. And Defendant has not unreasonably delayed seeking relief in this matter.

Even if providing this information would require extending the schedule, the Court finds good cause to do so under Rule 16(b)(4).[1] As Plaintiff notes, the Rule 16 good cause standard "primarily considers the diligence of the party seeking the amendment" and asks whether a schedule "cannot reasonably be met" despite that party's diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Defendant pursued this issue diligently by appearing for Plaintiff's deposition on September 3. Dkt. 16 at 2. There's

[1] If a formal amendment were required, Judge Gonzalez Rogers would have to amend the schedule.

nothing in the record that suggests Defendant's lack of diligence caused this issue to arise after September 6; but for Plaintiff's failure to appear on September 3, Defendant would have had this issue in hand prior to the cutoff date and could have timely filed a motion under this district's local rules. *See* Civil L.R. 37-3.

By **December 1, 2026**, Plaintiff shall provide Defendant with the following information about the separate case referenced in her deposition: (i) party names, (ii) case number, and (iii) the jurisdiction of the court of origin.

**IT IS SO ORDERED.**

Dated: November 25, 2026

Alex G. Tse
United States Magistrate Judge